1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12   MOODY WOODROW TANKSLEY,            )      No. CV 11-4871-PSG(CW)[1]
                                        )
13                      Plaintiff,      )      MEMORANDUM AND ORDER
                                        )      DISMISSING COMPLAINT
14           v.                         )      WITH LEAVE TO AMEND
                                        )
15   ATASCADERO STATE HOSPITAL, et al., )
                                        )
16                      Defendants.     )
     _____)

17

18        The pro se plaintiff is a person in state custody, at Atascadero

19   State Hospital, seeking to proceed in forma pauperis, on a civil

20   rights complaint naming governmental defendants.  His complaint was

21   received on June 2, 2011, and was filed on July 20, 2011 (as docket

22   no. 3), pursuant to the court's Order re Leave to File Action Without

23   Prepayment of Filing Fee.  [Docket no. 2.]  For reasons stated below,

24   the Complaint is dismissed with leave to amend.

25                          **STANDARD OF REVIEW**

26        Complaints such as Plaintiff's are subject to the court's sua

27   _____

28        [1]  Plaintiff has another pending civil rights action in this
     court, No. CV 11-6543.  This Order concerns only No. CV 11-4871.

                                      1

*sponte* review under provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  See 28 U.S.C. § 1915A(a).  The court shall dismiss such a complaint, at any time, if the court finds that it (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(in forma pauperis complaints); Lopez v. Smith, 203 F.3d 1122, 1126-27 and n.7 (9th Cir. 2000)(en banc).

PLRA review for failure to state a claim applies the same standard applied in reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a claim for relief.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them."  Id.  "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  Johnson v. Riverside Healthcare System, 534 F.3d 1116, 1121 (9th Cir. 2008)(quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).  A complaint may also be dismissed for failure to state a claim if it discloses a fact or defense that necessarily defeats the claim.  Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984)(citing 2A Moore's Federal Practice ¶ 12.08).

Possible failure to state a claim is reviewed in light of the pleading standard of Fed. R. Civ. P. 8(a)(2), which requires that a complaint must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief."  The Supreme Court
has explained the pleading requirements of Rule 8(a)(2) and the
requirements for surviving a Rule 12(b)(6) motion to dismiss in
<u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868
(2009)("<u>Iqbal</u>"), <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S. Ct. 2197, 167
L. Ed. 2d 1081 (2007)(per curiam), and <u>Bell Atlantic Corp. v. Twombly</u>,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); <u>see</u> <u>also</u> <u>Moss</u>
<u>v. U.S. Secret Service</u>, 572 F.3d 962 (9th Cir. 2009).

The pleading standard of Rule 8 does not require "detailed
factual allegations."  <u>Iqbal</u>, 129 S. Ct. at 1949 (<u>quoting</u> <u>Bell</u>
<u>Atlantic</u>, 550 U.S. at 555); <u>see also</u> <u>Erickson</u>, 551 U.S. at 93; <u>Moss</u>,,
572 F.3d at 968.  However, a complaint does not meet the pleading
standard if it contains merely "labels and conclusions" or "a
formulaic recitation of the elements of a cause of action."  <u>Iqbal</u>,
129 S. Ct. at 1949 (<u>quoting</u> <u>Bell Atlantic</u>, 550 U.S. at 555).  Instead,
to comply with the requirements of Rule 8(a)(2) and survive a motion
to dismiss under Rule 12(b)(6), "a complaint must contain sufficient
factual matter, accepted as true, to 'state a claim to relief that is
plausible on its face.'"  <u>Iqbal</u>, 129 S. Ct. at 1949 (<u>quoting</u> <u>Bell</u>
<u>Atlantic</u>, 550 U.S. at 570).  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the The
pleading standard of Rule 8 does not require "detailed factual
allegations."  <u>Iqbal</u>, 129 S. Ct. at 1949 (<u>quoting</u> <u>Bell Atlantic</u>, 550
U.S. at 555); <u>see</u> <u>also</u> <u>Erickson</u>, 551 U.S. at 93; <u>Moss</u>,, 572 F.3d at
968.  However, a complaint does not meet the pleading standard if it
contains merely "labels and conclusions" or "a formulaic recitation of
the elements of a cause of action."  <u>Iqbal</u>, 129 S. Ct. at 1949
(<u>quoting</u> <u>Bell Atlantic</u>, 550 U.S. at 555).  Instead, to comply with the

3

1    requirements of Rule 8(a)(2) and survive a motion to dismiss under
2    Rule 12(b)(6), "a complaint must contain sufficient factual matter,
3    accepted as true, to 'state a claim to relief that is plausible on its
4    face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic, 550 U.S. at
5    570).  "A claim has facial plausibility when the plaintiff pleads
6    factual content that allows the court to draw the the reasonable
7    inference that the defendant is liable for the misconduct alleged."
8    Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic, 550 U.S. at 556).
9    This plausibility standard is not a probability requirement, but does
10   ask for more than mere possibility; if a complaint pleads facts
11   "merely consistent with" a theory of liability, it falls short of "the
12   line between possibility and plausibility."  Iqbal, 129 S. Ct. at 1949
13   (quoting Bell Atlantic, 550 U.S. at 557).[2]

14       The Supreme Court has set out a two-pronged approach for
15   reviewing possible failure to state a claim.  Iqbal, 129 S. Ct. at
16   1949-50; see also Moss, 572 F.3d at 969-70.  First, the reviewing
17   court may identify statements in a complaint that are actually
18   conclusions, even if presented as factual allegations.  Iqbal, 129 S.
19   Ct. at 1949-50.  Such conclusory statements (unlike factual
20   allegations) are not entitled to a presumption of truth.  Id.  Here,

21

22       [2]  In Starr v. Baca, 633 F.3d 1191 (9th Cir. 2011), the Ninth
23   Circuit discussed apparent differences in recent Supreme Court cases
     on the pleading standard under Rule 8(a), but concluded that,
24   "whatever the difference between these cases, we can at least state
     the following two principles common to all of them.  First,
25   allegations in a complaint . . . must be sufficiently detailed to give
26   fair notice to the opposing party of the claim so that the party may
     effectively defend against it.  Second, the allegations must be
27   sufficiently plausible that it is not unfair to require the opposing
28   party to be subjected to the expense of discovery."  Starr, 633 F.3d
     at 1204.

it is the conclusory nature of the statements (rather than any fanciful or nonsensical nature) "that disentitles them to the presumption of truth." <u>Id.</u> at 1951.  Second, the court presumes the truth of any remaining "well-pleaded factual allegations," and determines whether these allegations and reasonable inferences from them plausibly support a claim for relief.  <u>Id.</u> at 1950; <u>see also</u> <u>Moss</u>, 572 F.3d at 969-70.

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000)(en banc).  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if the plaintiff is <u>pro se</u>.  <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).  If, however, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss</u>, 572 F.3d at 972.

<b>PLAINTIFF'S ALLEGATIONS AND CLAIMS</b>

Plaintiff is a patient at the Atascadero State Hospital. [Complaint ("Cpt.") at 2-3.]  Plaintiff does not make clear whether he is also a prisoner, under a state court conviction, or is a non-prisoner detainee (either pre-trial or on a civil commitment), or is at Atascadero State Hospital on some other basis.  In the caption of the Complaint Plaintiff names as defendants "Atascadero State Hospital Staff, et al."  [Cpt. at 1.]  In the body of the Complaint, Plaintiff names five individual defendants, in an individual capacity only, as: Joseph P., Kelly Barns, Bonnie Knoff, Mike Clement, and Neland D. [Cpt. at 3-4.]

5

1    Plaintiff alleges that, on May 23, 2011, he asked Mike Clement,
2 Neland D., and other staff members for medication for his leg ulcers,
3 and the staff members refused to provide medication. [Cpt. at 5.]
4 Later, when Plaintiff was attempting to kill a fly on a window pane,
5 staff members grabbed him by the hands, put him in restraints, and
6 tied him to a chair. [Id.] This use of force made Plaintiff's leg
7 ulcers open and start bleeding. [Id.] Kelly Barns and Joseph P. then
8 kicked Plaintiff on the ulcers on his legs. [Id.]

9    Plaintiff claims that this was excessive force in violation of
10 the Eighth Amendment, and seeks monetary damages under 42 U.S.C.
11 § 1983. [Cpt. at 5-6.]

12                         **GROUNDS FOR DISMISSAL**

13    To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff
14 must plead that a defendant, acting under color of state law, deprived
15 the plaintiff of a right secured by the federal constitution or laws.
16 See, e.g., Ortez v. Washington County, 88 F.3d 804, 810 (9th Cir.
17 1996). The plaintiff must set forth factual allegations with
18 sufficient particularity to give a defendant "fair notice of the type
19 of claim being pursued." Id. Here, Plaintiff has asserted a claim
20 that he was subjected to excessive force, in violation of his
21 constitutional rights, by defendants acting under color of state law.

22    On the other hand, Plaintiff has not articulated any claim
23 against Atascadero State Hospital as an entity, and he has not alleged
24 any facts showing that Defendants Bonnie Knoff, Mike Clement, and
25 Neland D. caused Plaintiff to be subjected to excessive force. See,
26 e.g., Redman v. County of San Diego, 942 F.2d 1435, 1439-40 (9th Cir.
27 1991)(en banc). Accordingly, Plaintiff's Complaint is subject to
28 dismissal for failure to state a claim against those defendants.

1    On the other hand, Plaintiff may be able to amend to state a
2  viable claim for excessive force against Defendants Joseph P., Kelly
3  Barns.  Therefore, Plaintiff will be given an opportunity to amend the
4  Complaint to state a cognizable constitutional claim against a proper
5  defendant or defendants.  If he does so, he should make clear whether
6  or not he is in custody as a convicted prisoner.  This is significant
7  because excessive force claims by prisoners fall under an Eighth
8  Amendment standard, while excessive force claims by non-prisoner
9  detainees fall under an Fourteenth Amendment, and the two standards
10 are analyzed somewhat differently.

11                               **ORDERS**:

12    It is therefore **ORDERED** as follows:

13    1.   The Complaint is dismissed with leave to amend.

14    2.   On or before November 17, 2011, Plaintiff may file a "First
15 Amended Complaint" which corrects the defects discussed above and
16 complies with the following requirements:

17 (a)  The "First Amended Complaint" must bear the present case number
18      "CV 11-4871-PSG(CW)."

19 (b)  It must be complete in itself and may not incorporate by
20      reference any part of the initial Complaint or any other
21      complaint.

22 (c)  Plaintiff may not use "et al." in the caption on p. 1, but must
23      name in the caption each defendant against whom claims are stated
24      in the First Amended Complaint.  (The clerk uses the caption to
25      make sure that defendants are correctly listed on the docket.)

26 (d)  Plaintiff should attempt, if possible, to give the last names for
27      any defendants now identified by initials (such as "Joseph P.").

28 (e)  As noted above, it appears that Plaintiff can state an excessive

                                    7

force claim against Joseph P. and Kelly Barns.  If Plaintiff also names Bonnie Knoff, Mike Clement, or Neland D. as defendants, Plaintiff must allege facts showing how each such defendant used excessive force on him.

(f)  Plaintiff may not add other new defendants without the court's permission.

    3.    If Plaintiff files a timely amended complaint, the court will issue further orders as appropriate; if not, the magistrate judge will recommend that this action be dismissed, without prejudice, for failure to prosecute and/or failure to comply with court orders, as well as for the reasons stated above.

    4.    The clerk shall serve this Memorandum and Order on Plaintiff.


DATE:   October 18, 2011


                                _____
                                     CARLA M. WOEHRLE
                                United States Magistrate Judge

8